IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02778-GPG

JOHN ZOLLICOFFER,

     Plaintiff,

v.

G. SANTINI, M.D., and
FEDERAL CORRECTIONAL COMPLEX UTILIZATION REVIEW COMMITTEE,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Zollicoffer, is a prisoner in the custody of the Federal Bureau of Prisons at a federal prison in Leavenworth, Kansas.   Mr. Zollicoffer initiated this action by filing *pro se* a Civil Rights Complaint (ECF No. 1).   On February 11, 2016, he filed on the proper form a Prisoner Complaint (ECF No. 8).   Mr. Zollicoffer asserts three claims for relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* , 403 U.S. 388 (1971), claiming his constitutional rights have been violated.   He seeks damages as relief.

The court must construe the Prisoner Complaint liberally because Mr. Zollicoffer is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Zollicoffer will be ordered to file an amended complaint if he wishes to pursue his claims against anyone other than Defendant G. Santini.

Mr. Zollicoffer complains that prison officials violated his constitutional rights while he was incarcerated at a federal prison in Florence, Colorado.   He specifically asserts three claims for relief contending prison officials were deliberately indifferent to his serious medical needs by denying a recommendation or request for a surgical procedure to reduce pain and correct a foot deformity.   The three claims are repetitive and Mr. Zollicoffer contends in each claim that his Eighth Amendment rights have been violated. Although Mr. Zollicoffer also asserts one of his claims as a due process claim, the court construes each of Plaintiff's claims as an Eighth Amendment claim because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners."   *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

"Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority."   *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).   Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation.").

Mr. Zollicoffer specifically alleges that Defendant G. Santini was the chairman of the Federal Correctional Complex Utilization Review Committee that denied the recommended or requested surgical procedure.   However, Mr. Zollicoffer may not sue the committee itself in this *Bivens* action.   Therefore, the Federal Correctional Complex

2

Utilization Review Committee is not a proper Defendant.   If Mr. Zollicoffer intends to

pursue his Eighth Amendment claim against any Defendant other than Defendant G.

Santini, he must file an amended complaint that identifies who else he is suing and what

each individual did that allegedly violated his rights.   *See Nasious v. Two Unknown

B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in

federal court, "a complaint must explain what each defendant did to him or her; when the

defendant did it; how the defendant's action harmed him or her; and, what specific legal

right the plaintiff believes the defendant violated").

In order to state an arguable Eighth Amendment claim Mr. Zollicoffer must allege

facts that demonstrate deliberate indifference to a serious medical need.   *See Estelle v.

Gamble*, 429 U.S. 97, 104-06 (1976).   "A claim of deliberate indifference includes both

an objective and a subjective component."   *Al-Turki v. Robinson*, 762 F.3d 1188, 1192

(10th Cir. 2014).   "A medical need is considered sufficiently serious to satisfy the

objective prong if the condition has been diagnosed by a physician as mandating

treatment or is so obvious that even a lay person would easily recognize the necessity for

a doctor's attention."   *Id.* at 1192-93 (internal quotation marks omitted).   To the extent

Mr. Zollicoffer's Eighth Amendment claim is premised on a delay in providing adequate

medical care, he must allege specific facts that demonstrate the delay resulted in

substantial harm.   *See id.* at 1193.   "[T]he substantial harm caused by a delay in

treatment may be a permanent physical injury, or it may be an intermediate injury, such as

the pain experienced while waiting for treatment and analgesics."   *Id.* (internal quotation

marks omitted).   Under the subjective prong, 'a prison official may be held liable . . . only

if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."   *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Finally, Mr. Zollicoffer may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.   Mr. Zollicoffer also must provide an address where each Defendant may be served.   Accordingly, it is

ORDERED that Mr. Zollicoffer file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order if he wishes to pursue his Eighth Amendment claim against any individual other than Defendant G. Santini.   It is

FURTHER ORDERED that Mr. Zollicoffer shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Zollicoffer fails to file an amended complaint within the time allowed, the Federal Correctional Complex Utilization Review Committee will be dismissed as a party to this action without further notice.

DATED March 4, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge