**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02778-CMA-STV

JOHN ZOLLICOFFER,

    Plaintiff,

v.

G. SANTINI, M.D., and
ALLRED, M.D.,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE OCTOBER 20, 2016
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DOC. # 58]**

---

This matter is before the Court on the October 20, 2016 Recommendation of United States Magistrate Judge. (Doc. # 58.) Magistrate Judge Varholak recommended that Defendants' Motion for Summary Judgment Raising the Defense of Failure to Exhaust Administrative Remedies (Doc. # 37) be granted. (Doc. # 58.) On November 8, 2016, pursuant to Federal Rule of Civil Procedure 72(b), Mr. Zollicoffer, who is proceeding *pro se*, filed an Objection to the magistrate judge's decision. Defendants did not respond to Mr. Zollicoffer's Objection. For the following reasons, this Court adopts and affirms the magistrate judge's decision.

## I.   BACKGROUND

Mr. Zollicoffer is a federal inmate currently incarcerated at the United Sates Penitentiary in Leavenworth, Kansas.  Mr. Zollicoffer alleges that he was denied adequate medical care in violation of the Eighth Amendment when Defendants failed to approve him for surgery on his right foot while incarcerated at the United States Penitentiary in Florence, Colorado.

The following facts are taken in the light most favorable to the Plaintiff.  On May 4, 2015, Plaintiff was transported to the Pueblo Ankle and Foot Care Clinic and examined by Dr. Mark Mauer.  Later that day, Plaintiff was advised that Dr. Mauer had recommended surgical repair.  Prison officials informed Plaintiff that Dr. Mauer's report had been forwarded to the Federal Correctional Complex Utilization Committee and its Chairman, Defendant Santini, for final review. On August 23, 2015, Plaintiff was notified that, on July 2, 2015, the Committee had denied Plaintiff's request for surgical repair.

On October 14, 2015, Mr. Zollicoffer was transferred to the United Sates Penitentiary in Leavenworth, Kansas.  On October 21, 2015, Plaintiff was evaluated by Dr. Kristine Aulepp and asked why he had not had a foot operation while at the United States Penitentiary in Florence, Colorado.  On October 24, 2015, Plaintiff went to his correctional counselor and asked how to get surgery for his foot.  His counselor instructed Plaintiff to file a "sensitive BP-10" directly to the Regional Director.  Plaintiff's counselor explained that Plaintiff's condition presented exceptional circumstances that warranted going directly to the Regional Director, bypassing other levels of the Bureau of Prisons review.  On October 29, 2015, Plaintiff filed his BP-10 with the Regional

Director. That same day, the BP-10 was rejected because Plaintiff did not first request relief from the Warden of his institution. Plaintiff was advised to file an appeal to the Warden for response prior to filing with the Regional Director. Plaintiff did not appeal that decision. Rather, on December 21, 2015, Plaintiff filed the instant lawsuit in federal court.

On June 1, 2016, Defendants filed a motion for summary judgment requesting dismissal of the case arguing that Plaintiff failed to exhaust his administrative remedies prior to filing in federal court. (Doc. # 37.) This Court referred Defendants' motion to the magistrate judge for a recommendation as to the appropriate disposition. (Doc. # 38.) On October 20, 2016, Magistrate Judge Varholak issued the instant Recommendation recommending that Defendants' motion be granted. (Doc. # 58.) Specifically, the magistrate judge found that the time for Plaintiff to file a BP-9 began to run on August 23, 2015, when Mr. Zollicoffer learned of the denial of his surgery, and therefore the deadline for filing a grievance was September 12, 2015. Because Plaintiff did not file any grievance concerning the denial of his foot surgery until October 29, 2015, and because Plaintiff did not provide any valid excuse for filing his grievance late, Magistrate Judge Varholak determined that Plaintiff failed to exhaust his administrate remedies and granted Defendants' motion for summary judgment.

Plaintiff objects to the magistrate judge's decision arguing that the magistrate judge's rigid application of the exhaustion requirements unfairly impedes his attempt to pursue his claims that his Eighth Amendment rights have been violated. Plaintiff also contends that the prison mail service's failure to provide him with notification of the July

2, 2015 denial of his surgery until August 23, 2015 prevented him from timely filing a grievance.

## II.   DISCUSSION

The Prison Litigation Reform Act (PLRA) makes exhaustion of administrative remedies mandatory: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  If a plaintiff fails to exhaust his administrative remedies, this Court must dismiss the action.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory"); *see also Jones v. Bock*, 549 U.S.199, 210–12 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

According to Plaintiff's Amended Complaint, Plaintiff first became aware of the denial of his surgery on August 23, 2015 and did not file any grievance concerning the denial of his foot surgery until October 29, 2015.  (Doc. # 14.)  The Bureau of Prison's Administrative Remedy Program provides that that a prisoner has 20 calendar days to submit a formal written Administrative Remedy Request. 28 C.F.R. § 542.14.  Judge Varholak also determined that even where the Administrative Remedy Program excuses the prisoner from initially filing with his local facility and allows the prisoner to directly file with the Regional Director, the 20-day deadline still applies.  This Court agrees and Plaintiff does not contest these findings.  Because the 20-day deadline

4

applies, it is undisputed that Plaintiff's attempt at exhausting his administrative remedies was untimely.

In his Objection, Plaintiff argues that his was prevented from timely filing a written Administrative Remedy Request because while the decision to deny his surgery was made on July 2, 2015, he was not provided notice of that decision until August 23, 2015. However, neither the Bureau of Prisons nor the Magistrate Judge required him to file his Administrative Remedy Request within 20 days of the July 2, 2015 decision. Rather, he only had to file within 20 days of being provided notice of that decision. It is undisputed that he received notice of the decision on August 23 and did not file any grievance within 20 days of that notice. Thus, the failure of the Bureau of Prisons to provide him notice of their decision did not impact his ability to exhaust his administrative remedies and Magistrate Judge Varholak correctly concluded that (1) Plaintiff knew of the facts giving rise to his grievance more than 20 days before he submitted his grievance; (2) and plaintiff did not comply with the deadline and thus did not properly exhaust his claims.

### III.  CONCLUSION

Based on the Court's *de novo* review of this matter, the Court concludes that Judge Varholak's Recommendation is correct and is not called into question by Plaintiff's Objection. Accordingly, it is

ORDERED that the Report and Recommendation of United States Magistrate Judge (Doc. # 58) is AFFIRMED AND ADOPTED. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. # 37) is GRANTED.  It is

FURTHER ORDERED that this case is DISMISSED in its entirety.


DATED: December 15, 2016                    BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge